## Ingram *et al. versus* Hartz.

*Landlord and tenant.—Distress, when no rent in arrear.—Receipt of surplus produced, above rent and costs, will not estop tenant from action for illegal distress.*

1. The receipt by a tenant of the balance remaining in the hands of a bailiff, above rent and costs, from the proceeds of an invalid distress, will not estop him from a denial that there was rent in arrear; or of the legality of the warrant, in an action of trespass brought to recover damages therefor.

2. The receipt of the surplus is only a satisfaction of damages *pro tanto.*

3. *Quære.* Can a tenant maintain an action of trespass, if he has sued for and recovered the surplus, as a debt?

Error to the Common Pleas of *Allegheny county.*

This was an action of trespass *vi et armis de bonis asportatis,* by George Hartz against David Ingram and Nicholas Myers, to recover damages for taking certain personal property of the defendant.

Hartz was the tenant of David Ingram, and held of him a farm in Indiana township, at an annual rent of $75, payable, as alleged by the landlord, quarterly, in advance; but as alleged by the tenant, semi-annually. The term of the tenant ended April 1st 1863. The April and July quarters' rent were paid. On the 16th of March 1863, the tenant rented another farm in Butler county, and commenced to remove his family and goods, when the landlord issued his warrant for $37.50, the amount of the two last quarters, and placed it in the hands of the constable of the township, who, with Arthur Ingram, the agent of the landlord, went to the premises and found there a colt and two cows, prevented their removal by the tenant, and held them for the rent. The constable gave notice of the distress, and caused the property to be regularly appraised on the 21st March 1864, by freeholders, according to law. The colt was appraised at $40, and being of sufficient value to pay the rent, the two cows were returned to the tenant: the colt was then advertised and sold on the 27th of March 1864, for $58, which was applied to rent and costs first, and the surplus or balance, $3.09, paid over by the constable to the tenant.

The plaintiff filed a declaration in trespass, to which defendants pleaded not guilty.

The defendant's counsel contended that, by receiving the surplus as above stated, the plaintiff was estopped from denying the legality of the issuing of said warrant, and the regularity of the proceedings under the same; and, also, that he was estopped from denying that the rent for which said warrant was issued was due and in arrear at the time the same was issued; and that the said plaintiff, for the reason aforesaid, could not maintain the action of *trespass vi et armis de bonis asportatis,* and requested

[Ingram v. Hartz.]

the court to so charge and instruct the jury; but the court refused, and declined to charge as requested in said propositions or either of them.

The court further instructed the jury, that "there was no evidence of irregularity in the proceedings under the landlord's warrant sufficient to make the plaintiff a trespasser *ab initio;* that although the declaration was informal, a plea was put in and jury sworn without objection on that ground;" and then proceeded: "The main question at the trial was, whether there was rent in arrear when the warrant was issued and distress was made. Incidentally the plaintiff's counsel discussed the excessive character of the levy. In the absence of a written request for specific instructions, the jury are instructed that the acceptance of the surplus proceeds of sale by plaintiff would not preclude his recovery in this case for the actual damage he had sustained, if they found no rent in arrear at the time of the levy and distress; and that the amount received from the constable could only be regarded as satisfaction of the damages *pro tanto.*"

Which was the error assigned here by the defendant, after a verdict and judgment for plaintiff

*Barton,* for plaintiffs in error.

*Whitesell,* for defendant in error.

The opinion of the court was delivered, November 4th 1864, by

AGNEW, J.—Hartz, the tenant of Ingram, brought an action of trespass against him and others for a distress of his goods, when no rent was in arrear, after he had received of the bailiff the surplus not needed to pay the rent claimed and costs. In the court below it was contended that he was thereby estopped from denying rent to be in arrear, and the consequent legality of the warrant to levy it. The court held that the receipt of the surplus could be regarded only as a satisfaction of the damages, *pro tanto.*

We see no error in this instruction. It is true, as decided in Adlum *v.* Yard, 1 Rawle 171, and some other cases, that the receipt of a dividend under an invalid assignment, or the proceeds of an invalid sale, will estop the creditor from denying the invalidity of the instrument or proceeding; but all these cases will be found to rest upon an implied condition of relinquishment, or waiver. To accept a benefit under something which may be contested, implies that the party accepting rests upon it, and agrees to abide by it, otherwise the payment would not be made to him. Hence, in such cases, an election is presented to him upon which he acts, and having by this election ratified the proceeding, he is

[Ingram *v.* Hartz.]

estopped from denying its validity. But in the case before us, the tenant did no act requiring him to rely upon the distress. He acquired no benefit by the sale of his own property. His right to the proceeds, not needed to discharge the rent, did not rest upon the trespass committed by his landlord and his bailiff. It was simply a return to him of that which belonged to him before, in a converted state, it is true, but not the less his, whether returned to him then, or afterwards recovered in damages. This principle can be illustrated by another fact in this case. The levy was upon two cows, besides the colt which was sold, but the bailiff finding the colt sufficient, returned them, no doubt to avoid the effect of an excessive distress. The return and acceptance of the cows unnecessary to be sold, clearly would be no defence to an action for a distress, when no rent was in arrear, but would simply lessen the damages. The mere conversion of the colt into money by the sale, and a return of the proceeds not needed, certainly cannot change the nature of the case. The return was a duty which devolved on the bailiff, and when he tendered the sum, and it was accepted, he could not fairly imply that his trespass was condoned. Had Hartz brought an action in debt for the surplus and recovered, perhaps it would have been different, for then the intention to treat the proceeding as valid, by demanding the surplus as a *debt*, would have been manifested. These reasons cover all the errors assigned.

The judgment of the court below is therefore affirmed.